UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEDRO VALDIVIA-TOSTADO, | ) |
| Petitioner, | ) 03:08-CV-00305-LRH-VPC |
| v. | ) ORDER |
| MICHAEL CHERTOFF, Secretary of the U.S. Department of Homeland Security; et al., | ) |
| Defendants. | ) |

Presently before the court is Pedro Valdivia-Tostado's ("Valdivia-Tostado") Application for Writ of Habeas Corpus (# 1[1]).  Also before the court is Valdivia-Tostado's Motion for Temporary Restraining Order and Preliminary Injunction (# 2). The United States has filed an opposition (# 7), and Valdivia-Tostado has replied (# 8).

**I. Factual and Procedural Background**

Valdivia-Tostado is a native and citizen of Mexico who entered the United States without inspection in 1990. Valdivia-Tostado has continuously resided in the United States since his entry. In 1996, Valdivia-Tostado's brother-in-law filed a family petition with the Immigration and Naturalization Service for Valdivia-Tostado along with his wife and their children. The family petition has been approved. According to Valdivia-Tostado, this approval enables him to obtain

---

[1] Refers to the court's docket number.

permanent residence once a visa becomes available.

On or about October 6, 2004, the United States Immigration and Customs Enforcement ("ICE") initiated removal proceedings. Valdivia-Tostado requested that the Immigration Judge ("IJ") continue the proceedings until a visa became available. The IJ denied Valdivia-Tostado's request and ordered him removed to Mexico. The Board of Immigration Appeals ("BIA") affirmed the decision on March 2, 2006.

Valdivia-Tostado hired counsel to file a petition for review with the Ninth Circuit Court of appeals. Rosalba Arrango, Valdivia-Tostado's attorney, miscalculated the filing deadline, and Valdivia-Tostado's petition was filed one day late. As a result, the Ninth Circuit dismissed the petition on February 27, 2008.

On May 9, 2008, Valdivia-Tostado filed a motion with the BIA to reopen and reissue its March 2, 2006, decision so that Valdivia-Tostado can file a timely petition for review with the Ninth Circuit. That motion is still pending with the BIA.

On May 24, 2008, Valdivia-Tostado was arrested after a traffic stop for execution of the BIA's March 2, 2006, removal order. Physical custody of Valdivia-Tostado was subsequently transferred to ICE.

Valdivia-Tostado initiated this action by filing an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Valdivia-Tostado alleges ineffective assistance of counsel as a result of his attorney's failure to timely file the petition for review. Concurrently with the application for writ of habeas corpus, Valdivia-Tostado filed a motion for a temporary restraining order and preliminary injunction restraining the respondents from removing Valdivia-Tostado from the United States pending the resolution of his habeas petition. After hearing argument, the court issued a preliminary injunction on June 10, 2008. The court indicated to the parties that a written order would follow the oral disposition. At the June 10, 2008, hearing, the parties also indicated to the court that no further briefing was necessary for the court to rule on Valdivia-Tostado's petition

1  for writ of habeas corpus.  Thus, the present order resolves all remaining issues in this action.

2  **II. Valdivia-Tostado's Application for Writ of Habeas Corpus**

3  Valdivia-Tostado alleges that the ineffectiveness of his attorney violated his Fifth
Amendment right to due process.  The United States opposes the application arguing that this court lacks jurisdiction because Valdivia-Tostado has failed to comply with the requirements of *Matter of Lozada*, 19 I.&N. Dec. 637 (BIA 1988).  The United States further argues that habeas corpus relief is unavailable because Valdivia-Tostado failed to exhaust his administrative remedies.  Finally, the United States argues that the motion must be denied because there is no prejudice to Valdivia-Tostado as a result of any ineffective assistance of counsel.  The court will address the parties' individual contentions below.

**A. Jurisdiction**

The REAL ID Act of 2005 expanded the jurisdiction of the circuit courts over judicial review of final orders of removal, making "the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion or removal." *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050. 1052 (9th Cir. 2005).  In other words, the REAL ID Act stripped federal district courts of jurisdiction over final removal orders.  *See* 8 U.S.C. § 1252(g).

Federal district courts do, however, retain jurisdiction over habeas corpus actions that are independent of challenges to final orders of removal.  *Singh v. Gonzales*, 499 F.3d 969, 978-79 (9th Cir. 2007).  In *Singh*, a native and citizen of India brought a habeas petition claiming ineffective assistance of counsel.  499 F.3d at 971.  The district court dismissed the action for lack of jurisdiction on the ground that the REAL ID Act barred Singh's habeas claims.  *Id*.  The Ninth Circuit reversed holding that "a narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal with the court of appeals does not require review of an order or removal." *Id*. at 972.

As part of his habeas petition, Singh alleged that his attorney was ineffective for missing a

deadline for filing a petition for review with the Ninth Circuit. *Id*. at 972-73. In addressing this claim, the Ninth Circuit stated, "[t]he alleged ineffective assistance of Lawyer 2 occurred *after* the issuance of the final order or removal, and the claimed injury that Singh suffered as a result was the deprivation of an opportunity for direct review of the order of removal in the court of appeals." *Id*. at 979. Thus, the *Singh* court concluded that the district court had jurisdiction over the ineffective assistance of counsel claim because Singh did not seek review of a final order of removal. *Id*.

The case at bar is analogous to *Singh*. Valdivia-Tostado has raised an ineffective assistance of counsel claim based on his attorney's failure to file a timely appeal. Thus, the alleged ineffective assistance of counsel occurred after the final order or removal. If Valdivia-Tostado ultimately prevails in this action, his remedy will be "a day in court." *Id*. For these reasons, this court has jurisdiction over Valdivia-Tostado's habeas petition.

The United States argues that *Singh* requires an alien alleging ineffective assistance of counsel to comply with the requirements of *Lozado* in order to confer jurisdiction on the district court. The United States is mistaken.

In *Lozada*, the Board of Immigration Appeals determined that an ineffective assistance of counsel claim requires the following: (1) it should be supported by an affidavit that sets forth in detail the agreement that was entered with former counsel with respect to the actions to be taken on appeal and what representation counsel did or did not make; (2) former counsel must be informed of the allegations and allowed the opportunity to respond; and (3) if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities and if not, why not. 191 I.&N. Dec. at 639. The Ninth Circuit has approved the *Lozada* requirements but has cautioned that the requirements are not sacrosanct. *Ray v. Gonzales*, 439 F.3d 582, 588 (9th Cir. 2006).

As discussed, the *Singh* court determined that the district court had jurisdiction over a

4

habeas petition alleging ineffective assistance of counsel based on an attorney failure to timely file a petition for review. After reaching that conclusion, the Court stated, "[o]n remand, we cannot predict what procedural or substantive hurdles Singh might face, such as his failure to comply with the procedural requirements of *Lozada*." *Singh*, 499 F.3d at 979. Thus, the Ninth Circuit found jurisdiction, but still indicated that the claim could fail due to noncompliance with *Lozada*. In other words, the issue of whether *Lozada* was complied with is separate and distinct from the question of jurisdiction.

The United States argues that Valdivia-Tostado cannot comply with *Lozada* because his allegedly ineffective counsel is his current counsel. The court disagrees. Valdivia-Tostado hired counsel to file a petition for review with the Ninth Circuit. Former counsel is aware of Valdivia-Tostado's allegation and rightfully concedes that the failure to file a timely appeal amounts to ineffective assistance of counsel. Finally, counsel for Valdivia-Tostado has represented that former counsel self-reported their ineffective assistance of counsel to the State Bar of Nevada. As a result, the court concludes that Valdivia-Tostado has complied with the *Lozada* requirements.

**B. Exhaustion of Administrative Remedies**

The United States next argues that Valdivia-Tostado has failed to exhaust his administrative remedies. Respondent points out that a motion to re-open and re-issue decision is still pending before the BIA. A petitioner seeking habeas corpus relief under § 2241 is required to first exhaust administrative remedies. *Untied States v. Pirro*, 103 F.3d 297, 299 (9th Cir. 1997). However, it is not necessary that such a petitioner seek relief through discretionary avenues, such as the motion to re-open and re-issue decision that is currently pending. *See Castillo-Villagra v. INS*, 972 F.2d 1017, 1023-24 (9th Cir. 1992)).

**C. Ineffective Assistance of Counsel**

As mentioned, this case requires the court to determine whether Valdivia-Tostado's counsel was so ineffective so as to have impinged upon the fundamental fairness of the hearing in violation

5

of the Fifth Amendment due process clause.  The United States argues the habeas petition should be denied because there is no prejudice to Valdivia-Tostado from any ineffective assistance of counsel.

The right to counsel in a deportation proceeding arises under the Fifth Amendment right to due process.  *Dearinger v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (citing *Ramirez-Durazo v. INS*, 794 F.2d 491, 500 (9th Cir. 1986)).  "To show a due process violation an alien must prove 'not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause.'"  *Id*. (quoting *Magallanes-Damian v. INS*, 783 F.2d 931, 933 (9th Cir. 1986)).  In a due process challenge to a deportation proceeding, a petitioner must show both error and substantial prejudice.  *Lata v. INS*, 204 F.3d 1241 (9th Cir. 2000)

In *Dearinger*, 232 F.3d at 1044, the Ninth Circuit affirmed the district court's decision to grant a petition for habeas corpus as a result of ineffective assistance of counsel and order the government to reenter the BIA's order denying the appeal to restart the thirty-day period for filing a petition for review with the court of appeals.  The petitioner in *Dearinger* hired counsel to file a petition for review.  *Id*.  Nevertheless, the attorney filed the petition with the Ninth Circuit one day late.  *Id*.  As a result, the Ninth Circuit dismissed the petition.  *Id*.

On appeal, the *Dearinger* court first noted that the petitioner would have appealed but for her counsel's error.  *Id*. at 1045.  Therefore, the court presumed prejudice and concluded that counsel provided ineffective assistance.  *Id*.

The present case is analogous to *Dearinger*.  Valdivia-Tostado would have appealed but for his counsel's error.  Thus, as in *Dearinger*, Valdivia-Tostado is entitled to a presumption of prejudice.  In such cases, the court will find that a petitioner has been denied due process if he can demonstrate plausible grounds for relief on his underlying claim.  *Ray*, 439 F.3d at 587.  However, the government can rebut the presumption of prejudice.  *Id*. at 589.

1       In this case, the United States argues that no prejudice occurred because Valdivia-Tostado
2  has no likelihood of success on the underlying claim.  The underlying claim Valdivia-Tostado
3  wishes to raise before the Ninth Circuit concerns whether the IJ erred in denying Valdivia-
4  Tostado's motion to continue removal proceedings when Valdivia-Tostado will be able to adjust
5  his status to permanent residence once a visa becomes available.  The United States specifically
6  argues that Valdivia-Tostado does not posses a visa and is therefore unable to demonstrate his
7  eligibility for relief.

8       An immigration judge may grant a motion for continuance for good cause shown.  8 C.F.R.
9  § 1003.29.  "'The decision to grant or deny a continuance is in the sound discretion of the judge
10 and will not be overturned except on a showing of clear abuse.'" *Sandoval-Luna v. Mukasey*,
11 —F.3d —, 2008 WL 2131299 (9th Cir. 2008) (quoting *De la Cruz v. INS*, 951 F.2d 226, 229 (9th
12 Cir. 1991)).

13      In this case, the BIA stated, "Immigration Judges and this Board are not imbued with
14 authority to grant open-ended indefinite continuances in the circumstances presented." (Opp'n (#
15 7), Decision of the BIA, Ex. B.)  The BIA then noted that Valdivia-Tostado is not eligible for relief
16 because his priority date is January 25, 1996, and the visa preference category is current for priority
17 dates of May 22, 1993, or earlier.  *Id*.  Thus, the BIA concluded that Valdivia-Tostado cannot
18 demonstrate eligibility for relief.  *Id*.

19      The Ninth Circuit has not addressed the issue of whether it is an abuse of discretion for the
20 BIA to deny a continuance under the circumstances presented in this case.  Valdivia-Tostado has
21 indicated that a family petition has been approved and he will be eligible for permanent residency
22 in the United States once a visa becomes available.  These facts combined with the absence of
23 authority in the Ninth Circuit on this specific issue leads the court to conclude that Valdivia-
24 Tostado has demonstrated plausible grounds for relief on his underlying claim.  The United States
25 has failed to rebut the presumption of prejudice in this case.  Thus, the court concludes that

26

Valdivia-Tostado's counsel was ineffective and violated Valdivia-Tostado's Fifth Amendment right to due process by unreasonably failing to file a timely petition for review. As a result, Valdivia-Tostado's petition will be granted.

### III. Injunctive Relief

#### A. Legal Standard

The Ninth Circuit uses two alternative tests to determine whether a temporary restraining order or preliminary injunction should issue. According to the "traditional test," the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest. *Textile Unlimited, Inc. v. A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir.1980)). In the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir.2000)).

#### B. Discussion

On June 10, 2008, this court granted Valdivia-Tostado's motion for preliminary injunction upon hearing argument from the parties. (Minutes of Proceedings (# 9).) The court's decision was based on an implicit finding that Valdivia-Tostado raised serious questions concerning his right to relief and the balance of hardships tipped in his favor. Since issuing the injunction, the court has determined that Valdivia-Tostado's Application for Writ of Habeas Corpus should be granted. Thus, Respondents will be enjoined from removing Valdivia-Tostado until such time as the BIA

reissues its decision in the removal proceedings. At such time as the decision is reissued, this court's injunction will automatically dissolve.

IT IS THEREFORE ORDERED that Valdivia-Tostado's Application for Writ of Habeas Corpus (# 1) is hereby GRANTED. The Board of Immigration Appeals shall, within forty-five (45) days of this order, reissue its decision in Valdivia-Tostado's removal proceedings.

IT IS FURTHER ORDERED that Valdivia-Tostado's Motion for Temporary Restraining Order and Preliminary Injunction (# 2) is hereby GRANTED.

IT IS FURTHER ORDERED that Respondents are hereby ENJOINED from removing Valdivia-Tostado from the United States or otherwise acting on the final order of removal until such time as the Board of Immigration Appeals reissues its decision in Valdivia-Tostado's removal proceedings.

IT IS SO ORDERED.

DATED this 11th day of June, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE