UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEDRO VALDIVIA-TOSTADO,  ) | |
| ) | |
| Petitioner,  ) | 03:08-CV-00305-LRH-VPC |
| ) | |
| v.  ) | |
| ) | ORDER |
| MICHAEL CHERTOFF, Secretary of the U.S. ) | |
| Department of Homeland Security; et al., ) | |
| ) | |
| Respondents.  ) | |

Presently before the court is Pedro Valdivia-Tostado's ("Valdivia-Tostado") Motion to Order Release of Petitioner from Incarceration (# 11). The United States has filed an opposition (# 14), and Valdivia-Tostado replied (# 15).

On June 11, 2008, this court issued an order granting Valdivia-Tostado's Application for Writ of Habeas Corpus. (June 11, 2008, Order (# 10) at 9.) As a result, the court ordered the Board of Immigration Appeals ("BIA") to reissue its decision in Valdivia-Tostado's removal proceedings. *Id*. The court further enjoined Respondents "from removing Valdivia-Tostado from the United States or otherwise acting on the final order or removal until such time as the Board of Immigration Appeals reissues its decision in Valdivia-Tostado's removal proceedings." *Id*.

On June 23, 2008, Valdivia-Tostado filed the present motion seeking his release from incarceration. Valdivia-Tostado is currently in the Washoe County Jail under the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement. Valdivia-

Tostado argues that his incarceration is in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Valdivia-Tostado argues he is not subject to a final order of removal. Thus, Valdivia-Tostado argues he is subject to section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a).[1] The United States opposes the motion arguing it is entitled to detain Valdivia-Tostado pursuant to Section 241(a)(2), 8 U.S.C. § 1231(a)(2).

As a threshold issue, Valdivia-Tostado's motion is not properly before the court. In his Application for Writ of Habeas Corpus (# 1), Valdivia-Tostado asserted ineffective assistance of counsel and asked this court to order the BIA to reissue its decision and to enjoin Valdivia-Tostado's removal. The court granted the writ and ordered the relief requested by Valdivia-Tostado. (June 11, 2008, Order (# 10).) Valdivia-Tostado's habeas petition did not raise the issue that he was being unconstitutionally held in custody. Thus, the issue has not been properly presented to the court. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

Even if the issue had been properly raised, Valdivia-Tostado has failed to demonstrate his right to relief. Valdivia-Tostado contends that "[o]nce this Court ordered the BIA to reissue its decision, Petitioner was no longer subject to a final administrative order of removal." (Mot. to Order Release (# 11) at 4-5.) Nevertheless, this court's June 11, 2008, Order did not address the validity of the final order of removal. This court lacks jurisdiction over final removal orders. 8 U.S.C. § 1252(g). As this court's Order did not effect the final removal order, Valdivia-Tostado's has not demonstrated his right for relief.

///

///

---

[1] In his reply points and authorities, Valdivia-Tostado asserts that the BIA has now reissued its decision. Valdivia-Tostado further asserts that he has filed an appeal and a motion for a stay of removal. The court does not consider arguments raised for the first time in a parties' reply points and authorities. Morever, Valdivia-Tostado has not shown whether the BIA will continue to hold him if a stay is issued.

1  IT IS THEREFORE ORDERED that Valdivia-Tostado's Motion to Order Release of
2  Petitioner from Incarceration (# 11) is hereby DENIED.
3  IT IS SO ORDERED.
4  DATED this 27th day of August, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3